UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK SMSA LIMITED
PARTNERSHIP d/b/a VERIZON WIRELESS,

        Plaintiff,

-against-

THE TOWN OF BEDFORD, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

21-CV-03742 (PMH)

PHILIP M. HALPERN, United States District Judge:

New York SMSA Limited Partnership d/b/a Verizon Wireless ("Plaintiff") commenced this action on April 27, 2021 against the Town of Bedford ("Town"), its Town Board, its Planning Board, and Alberto Ciraco, the Town's Building Inspector (collectively, "Defendants"). (Doc. 1). Plaintiff alleges that Defendants violated Section 704 of the Telecommunications Act of 1934, as amended by the Telecommunications Act of 1996 (the "Telecommunications Act") (codified at 47 U.S.C. § 332(c)(7)(B)), when they denied Plaintiff's applications for a special permit and site plan approval to construct a monopole providing cellular service.

Before the Court is a joint motion to intervene under Federal Rules of Civil Procedure 24(a) and (b), filed by Town residents Michael and Cynthia Sadrakula, Jeremy and Jesse Randol, Abbott and Christina Fleur, Gene Pope and A. Holliday Taylor, Graham and Kari Anderson, Joseph and Rebekah Raimo, John Santos, and Sam Lotstein (the "Hickory Lane Intervenors"); and Wyatt and Elizabeth Crowell, Ross and Sarah Mottl, Douglas and Susan Crater, Will and Alexandra Cart, Martin Gubernick and Robin Ashley, Samuel and Elizabeth Sachs, Marc de La Brauyere and Stacy Schiff, and Steven and Magdalena Weiting (the "Stone Hill Intervenors"). (Doc. 45; Doc. 32,

"Joint Br."; Doc. 33).[1] The Hickory Lane Intervenors and the Stone Hill Intervenors (together, "Proposed Intervenors") move alternatively for leave to file *amicus curiae* briefs under Rule 29.[2] (Doc. 45).

For the reasons set forth below, the motion is DENIED.

## BACKGROUND

Plaintiff sought approval to construct a wireless telecommunications facility ("Facility") in the Town. It first filed an application for a special use permit and site plan approval with the Town to construct the Facility at 91 Hickory Lane ("Hickory Lane Application"), as a 115-foot-tall monopole designed to resemble a flagless flagpole ("Hickory Lane Site"). It later submitted a second application for a location suggested by the Town for a special use permit and site plan approval to construct the Facility at 68 Stone Hill Road ("Stone Hill Road Application"), as a 150-foot-tall monopole designed to resemble a tree ("Stone Hill Road Site"). The Town denied both the Hickory Lane Application and the Stone Hill Road Application, and this lawsuit followed.

The Hickory Lane Intervenors are abutters and neighbors of the Hickory Lane Site, and the Stone Hill Road Intervenors live in close proximity to the Stone Hill Road Site. The Proposed Intervenors contend that the Facility, if constructed at either Site, would adversely impact their properties' aesthetics and significantly lower their property values. The Proposed Intervenors seek

---

[1] The Proposed Intervenors' motion was first filed on August 9, 2021, but the Clerk of Court noted on the docket a filing error, terminating that motion. On August 18, 2021, a notice was sent to counsel to re-file the motion papers. Counsel re-filed the papers in support of their motion on August 19, 2021, but did not re-file their notice of motion until January 14, 2022.

[2] The Proposed Intervenors do not specify to which body of rules they refer. Rule 29 of the Federal Rules of Appellate Procedure makes explicit provision for the filing of an *amicus* brief, however, the Federal Rules Appellate Procedure are not applicable to the district court. *Young Advocs. for Fair Educ. v. Cuomo*, No. 18-CV-04167, 2018 WL 10561496, at *1 (E.D.N.Y. Oct. 30, 2018). "There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11-CV-06746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (internal quotation marks and alterations omitted).

to intervene as of right or by permission, or alternatively for leave to file *amicus curiae* briefs.

## ANALYSIS

I. <u>Intervention as of Right</u>

Intervention as of right is governed by Rule 24(a), which requires a putative intervenor to establish that:

> (1) the motion is timely; (2) [it] asserts an interest relating to the property or transaction that is the subject of the action; (3) [it] is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest; and (4) [its] interest is not adequately represented by the other parties.

*CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n*, 790 F. App'x 260, 262 (2d Cir. 2019) (citing *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006)). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." *New York SMSA Ltd. P'ship v. Vill. of Nelsonville*, No. 18-CV-05932, 2019 WL 1877335, at *1 (S.D.N.Y. Apr. 26, 2019) (quoting *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999)).

The Proposed Intervenors have not established the fourth requirement in that they fail to show they have an interest that Defendants will not adequately protect.

"Generally, the adequate protection requirement imposes only a minimal burden on the proposed intervenor." *Vill. of Nelsonville*, 2019 WL 1877335, at *2 (quotation marks omitted). "However, when a proposed intervenor and a current party share 'an identity of interest'—for instance, when they 'make the same arguments and have the same objective'—the proposed intervenor 'must rebut the presumption of adequate representation by the party already in the action.'" *Id*. (quoting *Verizon N.Y. Inc. v. Jewish People for Betterment of Westhampton Beach*, 556 F. App'x 50, 52 (2d Cir. 2014)). "To do so, the proposed intervenor may offer 'evidence of collusion, adversity of interest, nonfeasance, or incompetence' by the named party sharing the

same interest." *Id*. (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001)).

The Proposed Intervenors do not argue that any Defendant has participated in collusion, exhibited nonfeasance, or acted with incompetence. In fact, the Proposed Intervenors argue that Defendants acted appropriately, made the correct decisions, and supported the denial of Plaintiff's Applications with a record that included the Proposed Intervenors' opposition—which opposition forms the basis of the Proposed Intervenors' arguments herein and is annexed in full on this motion. (Doc. 33-1—33-5; Doc. 33-6; *see also* Joint Br. at 4, 15-16).

As regards adversity of interest, the Proposed Intervenors argue that there are divergent property interests between the Hickory Lane Intervenors and the Stone Hill Road Intervenors, creating an inherent inability on the Town's part to adequately protect the competing interests. (*Id*. at 10-11; Doc. 30, "Reply" at 1-5). This argument, however, is belied by fact that the Town denied the Applications—neither the Town nor the Proposed Intervenors wants the Facility located at the Hickory Lane Site or Stone Hill Road Site. This lawsuit concerns whether the Applications were properly denied under the Telecommunications Act, and as to that inquiry, both Defendants and Proposed Intervenors want the same outcome. (*See* Doc. 18 (Defendants' Answer)).

The Proposed Intervenors further argue that, should parties achieve the relief sought in this action by settlement, "one group of homeowners will be adversely impacted by a Cell Tower while the other distinct group of homeowners will be spared." (Reply at 4-5). This concern does not render the Proposed Intervenors' position adverse to Defendants. *See ExteNet Sys. Inc., v. Vill. of Lake Success*, No. 19-CV-03471, 2020 WL 1862948, at *3 (E.D.N.Y. 2020) ("The mere possibility that a party may at some future time enter into a settlement cannot alone show inadequate representation."); *New York SMSA Ltd. P'ship v. Town of Philipstown*, No. 18-CV-01534, 2018

WL 6619737, at *2 (S.D.N.Y. Dec. 18, 2018) ("[T]hat the Town may settle the case on terms of which the proposed intervenors do not approve. . . . does not alone render the Town's and the proposed intervenors' interests adverse."); *see also United States v. Yonkers Bd. of Educ.*, 902 F.2d 213, 218 (2d Cir. 1990) (proposed intervenors' disagreement with party over trial strategy does not support intervention as of right). Regardless of where the Facility might go, there will be residents who will disagree with its proposed placement.

Simply put, the Proposed Intervenors have not established that under these circumstances, the Town will not adequately protect their interests in preventing the Facility's construction. Because the Court concludes the Proposed Intervenors have not established the fourth requirement, the Court need not address the other requirements for intervention as of right.

II. Permissive Intervention

The Proposed Intervenors also move for permissive intervention. Rule 24(b) provides that "[o]n timely motion, the Court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Permissive intervention lies within the Court's "broad discretion," *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005), and in exercising that discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3).

The Court, in exercising its broad discretion, declines to permit intervention under Rule 24(b). As set forth *supra*, the Proposed Intervenors' interests are aligned with Defendants' interests in this action. Permitting intervention would unduly delay and prejudice the adjudication of the original parties' rights in this case, which Congress directs must be heard and decided "on an expedited basis." *Vill. of Nelsonville*, 2019 WL 1877335, at *2 (quoting 47 U.S.C. §

332(c)(7)(B)(v)); *Town of Philipstown*, 2018 WL 6619737, at *2. Allowing individuals who are concerned with their individual desires rather than the interests of the Town as a whole would delay resolution of the issues presented in this case. *See Butler, Fitzgerald & Potter*, 250 F.3d at 179 (finding that "competing interests might lead to a litigation impasse"). Accordingly, Proposed Intervenors' motion to intervene is denied.

III.   *Amicus Curiae*

As an initial matter, the Proposed Intervenors' alternative motion for leave to file *amicus curiae* briefs was made without permission sought or granted from this Court. Even if the Proposed Intervenors' motion was made properly before this Court, leave would be, and is, denied.

"It is well-established that a district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case." *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (citing *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992)). Among the Court's considerations are whether the proposed *amici* provide a point of view that is not available to the Court from the parties to the action. *See S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03-CV-02937, 2003 WL 22000340, at *5-6 (S.D.N.Y. Aug. 25, 2003); *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994); *Ahmed*, 788 F. Supp. at 198 n.1. The Court also considers whether proposed *amici* are seeking to assist the Court in clarifying issues "as an objective, neutral, dispassionate 'friend of the court.'" *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991).

"Rather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the [Proposed Intervenors] ha[ve] come as an advocate for one side." *Id*. Indeed, the Proposed Intervenors are more a "friend of the [Defendants] rather than a "friend of the court." *Hartford Fire Ins. Co. v.*

6

*Expeditors Int'l of Washington, Inc.*, No. 10-CV-05643, 2012 WL 6200958, at *1 (S.D.N.Y. Dec. 11, 2012). As discussed *supra*, Proposed Intervenors have their own particular interests in the outcome of this litigation and "[c]onferring *amicus* status on such partisan interests is inappropriate." *S.E.C.*, 2003 WL 22000340, at *6. Moreover, additional briefing would not clarify issues or aid in the Court's determination of this action. *Ahmed*, 788 F. Supp. at 198 n.1. Accordingly, the alternative motion for leave to file *amicus curiae* briefs is denied.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 45.

                                   **SO ORDERED:**

Dated:   White Plains, New York
             March 10, 2022

                                       PHILIP M. HALPERN
                                       United States District Judge